UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ADAM FEDOROW,

          Plaintiff,

v.                                                                            CAUSE NO. 3:25cv673 DRL-SJF

KOSCIUSKO COUNTY *et al.*,

          Defendants.

OPINION AND ORDER

This suit arises from a traffic citation. Adam Fedorow, proceeding *pro se*, sues Pierceton Police Officer James Hastings, the Town of Pierceton, Kosciusko County Prosecutor John Bradley Voelz, Kosciusko Superior Court Judge Chad M. Miner, and Kosciusko County.[1] Mr. Fedorow alleges various constitutional violations under 42 U.S.C. § 1983, civil rights conspiracy under 42 U.S.C. §§ 1985 and 1986, and state tort claims. The defendants brought three motions to dismiss under Rule 12(b)(6). The court grants each one.

BACKGROUND

The court construes Mr. Fedorow's *pro se* pleading liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In doing so, and taking the well-pleaded allegations as true, the following facts emerge to decide this motion. The court disregards any reference to sovereign citizen allegations as they are frivolous. *See United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (citing cases).

On January 29, 2025, Officer Hastings pulled Mr. Fedorow over while driving in Kosciusko County [1 ¶ 8]. After requesting his license, insurance, and registration, Officer Hastings issued Mr. Fedorow a citation for failing to register his vehicle, which he characterizes

---

[1] The court uses the proper spelling of names and treats any misspelling in the complaint as a scrivener's error.

as "manufacturing" his "consent to a binding contract" as part of a "racketeering scam" that "should have been dismissed upon arrival at the courthouse" [*id.* ¶ 9-10, 17]. Mr. Fedorow offers no other details about the traffic stop or his interaction with Officer Hastings.

Mr. Fedorow says Prosecutor Voelz and Judge Miner pushed for a conviction [*id.* ¶ 10]. The citation was first set for a hearing on February 28, 2025, rescheduled to April 10, 2025, then finally rescheduled for May 8, 2025 [*id.* ¶ 12]. Mr. Fedorow says Judge Miner entered default judgment on May 9, 2025 [*id.*] and that Prosecutor Voelz and Judge Miner blackmailed him to pay a "contract/citation" without proof of a crime [*id.* ¶ 21]. Mr. Fedorow refers to proceedings in *State v. Fedorow*, Cause No. 43D03-2502-IF-000204 (Kosciusko Super. Ct. May 9, 2025).[2]

On August 5, 2025, Mr. Fedorow filed a four-count complaint here. Count 1 alleges Officer Hastings, Prosecutor Voelz, and Judge Miner deprived him of his Fourth, Fifth, Eighth, and Fourteenth Amendment rights in violation of 42 U.S.C. § 1983 [*id.* ¶ 25-32]. Count 2 alleges they conspired to affect these deprivations in violation of 42 U.S.C. § 1985(3) [*id.* ¶ 34-36], and Counts 3 and 4 allege intentional infliction of emotional distress [*id.* ¶ 38-40] and defamation for certain falsehoods in the documents relating to the citation [*id.* ¶ 42-44]. He elsewhere alleges they conspired to obstruct justice under 42 U.S.C. § 1985(2) [*id.* ¶ 21], neglected to prevent his constitutional deprivations in violation of 42 U.S.C. § 1986 [*id.* ¶ 22], and falsely posed as United States officers in violation of 18 U.S.C. § 912 [*id.* ¶ 23]. He says Kosciusko County and Pierceton are liable under a *respondeat superior* theory [*id.* ¶ 20].

Each of the defendants moved to dismiss the complaint for failure to state a claim: Judge Miner and Prosecutor Voelz on August 25, 2025 [5], Kosciusko County on September 2 [10],

---

[2] The court may take judicial notice of this state proceeding.

and Officer Hastings and Pierceton on October 6 [21]. The court issued *Faulkner*-like notice to Mr. Fedorow after each motion to dismiss. *See Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). Mr. Fedorow responded to Judge Miner and Prosecutor Voelz on September 8, these defendants replied on September 15, and Mr. Fedorow filed a surreply without leave on October 7. On October 16, Mr. Fedorow also moved to object to the motion to dismiss by Officer Hastings and Pierceton, which the court interprets as his response. No other briefing followed.

Finally, Mr. Fedorow attached to his complaint an exhibit [1-1] signed by the United States Secretary of State and dated February 25, 2025 certifying that an annexed document is under the Seal of the State of Indiana and is entitled to full faith and credit. On December 12, 2025, Mr. Fedorow moved to amend [26] requesting this exhibit be replaced by another [26-1] identical in all material respects save that it is dated December 2, 2025. Neither document has any bearing on Mr. Fedorow's complaint or the defendants' motions to dismiss.

## STANDARD

In reviewing a Rule 12(b)(6) motion, the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). It need not plead "detailed factual allegations." *Id.* A claim must be plausible, not probable. *Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Evaluating whether a claim is sufficiently plausible to survive a motion to dismiss is "a context-specific task

that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (quotations and citation omitted).

## DISCUSSION

A. *Subject Matter Jurisdiction.*

Before addressing the merits, and though not raised by the parties, the court must ensure its subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Smith v. Am. Gen. Life & Accident Ins.*, 337 F.3d 888, 892 (7th Cir. 2003). Though Mr. Fedorow's claims arise under federal law or could otherwise falls under supplemental jurisdiction, *see* 28 §§ U.S.C. 1331, 1367(a), the *Rooker-Feldman* doctrine can limit the court's review, *see D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 416 (1923).

The *Rooker-Feldman* doctrine, though less a doctrine than a fact of statutory authority, prohibits a district court from reviewing state court decisions, recognizing that Congress has empowered only the United States Supreme Court to exercise appellate authority to reverse or modify a state court judgment. *Reed v. Goertz*, 598 U.S. 230, 244 (2023); *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284-85 (2005). Among other requirements, a plaintiff must seek to undo or overturn the state court judgment as the source of his injury. *Gilbank v. Wood Cnty. Dep't of Hum. Servs.*, 111 F.4th 754, 793 (7th Cir. 2025). The doctrine focuses on what the plaintiff asks the court to do. *Id.* at 792.

In passing, Mr. Fedorow contends that Judge Miner's default judgment ruling occurred without personal jurisdiction and violated the Constitution or other laws, though each time he couches these passing points in frivolous sovereign citizen allegations that can just as easily be disregarded on this basis [1 ¶ 10, 14]. Not seemingly anywhere has he asked the court to undo the state court judgment, and instead he asks for damages alone. Rarely will such a suit fall within

4

the compass of the *Rooker-Feldman* doctrine, except perhaps when the damages sought in federal court might offset or nullify the judgment. *See id.* at 792-95. Accordingly, only to the extent that Mr. Fedorow seeks to undo the state court judgment or to offset its value, the court would not have jurisdiction, but the court reads this complaint, liberally as it must, as outside that scope.

    B. *Judge Miner.*

Judge Miner has judicial immunity for the claims asserted against him. *See Bryant v. Chupack*, 93 F.4th 1029, 1033 (7th Cir. 2024); *Marion Super. Ct. Prob. Dep't v. Trapuzzano*, 223 N.E.3d 282, 288 (Ind. Ct. App. 2023). The court must dismiss claims against Judge Miner.

    C. *Prosecutor Voelz.*

Mr. Fedorow alleges Prosecutor Voelz pushed to convict him for failing to register a vehicle and secured a default judgment against him [1 ¶ 10, 17-18]. This is what prosecutors do. A prosecutor has absolute immunity from suit when acting as an advocate for the State in judicial proceedings, even if he acts maliciously, unreasonably, without probable cause, or even based on false testimony or evidence. *See Redwood v. Dobson*, 476 F.3d 462, 466 (7th Cir. 2007) (§ 1985); *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) (§ 1983); *see also Smith v. Gomez*, 550 F.3d 613, 617 (7th Cir. 2008) (§ 1986 claim depends on underlying § 1985 claim); *Foster v. Pearcy*, 387 N.E.2d 446, 449 (Ind. 1979) (state claims); *Kelly v. Sommer*, 255 N.E.3d 1156, 1160 (Ind. Ct. App. 2025) (state claims). Mr. Fedorow presents various legal theories but doesn't allege Prosecutor Voelz did anything other than prosecute him. Immunity thus applies, and the court must dismiss Prosecutor Voelz.

    D. *Officer Hastings (Federal Claims).*

Mr. Fedorow contends Officer Hastings unlawfully detained and cited him during a traffic stop for failure to register a vehicle [1 ¶ 8-9]. He says Officer Hastings violated his constitutional

5

rights, conspired to do so with Judge Miner and Prosecutor Voelz, and they all failed to prevent the conspiracy [*id.* ¶ 19, 21-22, 34-36]. *See* 42 U.S.C. §§ 1983, 1985(2), 1985(3), 1986.[3]

Officer Hastings argues that Mr. Fedorow fails to state a claim under § 1983. Section 1983 serves as a procedural vehicle for lawsuits "vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 394 (1989). To establish a § 1983 claim, Mr. Fedorow must show he was "deprived of a right secured by the Constitution or federal law, by a person acting under color of law." *Thurman v. Vill. of Homewood*, 446 F.3d 682, 687 (7th Cir. 2006). He may bring a § 1983 claim only against those "personally responsible for the constitutional deprivation." *Doyle v. Camelot Care Ctrs., Inc.*, 305 F.3d 603, 614 (7th Cir. 2002). Mr. Fedorow claims violations of his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments.

   1. *Fourth Amendment.*

The Fourth Amendment establishes the people's right "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV; *see Case v. Montana*, 223 L.Ed.2d 382, 388 (2026); *United States v. Plancarte*, 105 F.4th 996, 999 (7th Cir. 2024). Mr. Fedorow doesn't allege a search, so he must ultimately show that he was seized and that the seizure was unreasonable.[4] *See Carlson v. Bukovic*, 621 F.3d 610, 618 (7th Cir. 2010). An automobile stop by law enforcement is a Fourth Amendment seizure and is thus subject to the requirement that it be reasonable. *Whren v. United States*, 517 U.S. 806, 809-10 (1996); *Carmichael v. Vill. of Palatine*, 605 F.3d 451, 456 (7th Cir. 2010).

---

[3] Mr. Fedorow also says Officer Hastings falsely impersonated a United States officer or employee in violation of 18 U.S.C. § 912 [1 ¶ 23]. He cannot proceed on this claim because he cannot initiate prosecutions.

[4] He also doesn't allege excessive force or any facts that would plausibly suggest Officer Hastings used force during the investigatory stop. *See Graham*, 490 U.S. at 394, 396; *Brumitt v. Smith*, 102 F.4th 444, 447 (7th Cir. 2024).

6

The decision to stop a car generally complies with the Fourth Amendment when "the police have probable cause to believe that a traffic violation has occurred." *United States v. Simon*, 937 F.3d 820, 828 (7th Cir. 2019) (quoting *Whren*, 517 U.S. at 810). "Probable cause exists when the circumstances confronting a police officer support the reasonable belief that a driver has committed even a minor traffic offense." *United States v. Lewis*, 920 F.3d 483, 489 (7th Cir. 2019) (quotation omitted). "Probable cause is an objective standard, based on the totality of the circumstances." *Simon*, 937 F.3d at 829. It doesn't matter whether a traffic offense actually occurred; the court must only inquire whether the officer had probable cause to believe one occurred. *See United States v. Muriel*, 418 F.3d 720, 724 (7th Cir. 2005).

Officer Hastings argues that Mr. Fedorow hasn't pleaded facts to plausibly say he was unreasonably stopped. The complaint says Officer Hastings pulled Mr. Fedorow over by engaging his patrol car lights; asked for Mr. Fedorow's license, insurance, and registration; and issued him a citation for failure to register his vehicle [1 ¶ 8-10, 17]. Although Mr. Fedorow once calls this an "unlawful detainer" [id. ¶ 8], he offers no facts to understand plausibly why, and this conclusory statement cannot alone suffice. It appears too that his citation stood the test of time.

Mr. Fedorow cites the Supremacy Clause of the United States Constitution, *see* U.S. Const. art. VI, cl. 2, and the regulations implementing the Motor Vehicle Theft Prevention Act (MVTPA), under which vehicle owners can voluntarily consent to permit law enforcement to investigate whether their vehicle is being operated without the owner's permission, *see* 34 U.S.C. § 12611; 28 C.F.R. § 29.1. These have no bearing on these events. Mr. Fedorow fails to allege a plausible Fourth Amendment violation.

2. *Eighth Amendment.*

Officer Hastings next challenges the allegation that he violated Mr. Fedorow's Eighth Amendment right to be free from "cruel and unusual punishments." U.S. Const. amend. VIII. This prohibition is "directed at the method or kind of punishment a government may impose for the violation of criminal statutes." *City of Grants Pass v. Johnson*, 603 U.S. 520, 542 (2024) (cleaned up). Officer Hastings rightly argues that an Eighth Amendment right never vested, based on the facts in the complaint, because it attaches only once a criminal defendant is convicted and sentenced. *See Lewis v. Downey*, 581 F.3d 467, 474 (7th Cir. 2009) (citing *Graham*, 490 U.S. at 392 n.6). Mr. Fedorow alleges no interactions with Officer Hastings after any judgment.

3. *Fifth and Fourteenth Amendments.*

Mr. Fedorow further alleges violations of his due process rights under the Fifth and Fourteenth Amendments. These Amendments prohibit deprivation of "life, liberty, or property, without due process of law." U.S. Const. amends. V and XIV, § 1. The Fifth Amendment applies to the federal government, so he cannot proceed with that theory when Officer Hastings acted for the county or state. *See Economan v. Luttrull*, 2026 U.S. App. LEXIS 906, 16-17 (7th Cir. Jan. 12, 2026) ("Fifth Amendment's Due Process Clause is a misfit for a § 1983 action because it has not been incorporated against the states"). In contrast, Fourteenth Amendment due process applies to the States. U.S. Const. amend. XIV, § 1.

Officer Hastings argues Mr. Fedorow doesn't allege an injury to a liberty interest even as he claims Officer Hastings deprived him of his "reputation as [an] honest Citizen and business owner in Indiana" [1 ¶ 29]. "Liberty in the Fourteenth Amendment includes the pursuit of a trade, profession, or other calling," and a state actor can violate this interest by committing such a reputational harm that it deprives a person of "his right to pursue a career of his choice."

8

*Malhotra v. Univ. of Ill. at Urbana-Champaign*, 77 F.4th 532, 538 (7th Cir. 2023) (quotations and citation omitted). To proceed on such a claim, Mr. Fedorow must plausibly allege that "he suffered a reputational injury" and that "an alteration in legal status [] deprived him of a right he previously held." *Id.* Just any reputational loss isn't enough, even if it seriously impairs his future employment; rather, a state actor must so damage his reputation that it becomes virtually impossible for him to find new employment in his chosen field. *Id.*

This complaint offers nothing by way of facts to think that Mr. Fedorow's ability to pursue his career of choice has been hampered, much less how Officer Hastings may have affected it. A mere traffic citation rarely could accomplish this, and not plausibly one for merely failing to register one's vehicle, even less so one that has proceeded through a judicial proceeding. Having failed to allege a cognizable liberty interest, he cannot state a substantive Fourteenth Amendment due process violation against Officer Hastings. Accordingly, his § 1983 claim must be dismissed.

E. *Civil Rights Conspiracy.*

Mr. Fedorow further claims a conspiracy under 42 U.S.C. §§ 1985(2), 1985(3), and 1986 based on his allegation that Judge Miner and Prosecutor Voelz blackmailed him into paying his citation, and that they and Officer Hastings failed in their duty to stop the conspiracy [1 ¶ 21-22, 34-36]. 42 U.S.C. § 1985 contains three subsections that cover different types of conspiracies. *Kush v. Rutledge*, 460 U.S. 719, 724-25 (1983). Section 1985(2) contains two clauses: the first for conspiracies pertaining to federal court proceedings and the second for those impacting state court proceedings. *Id.* Mr. Fedorow complains of state court proceedings and thus invokes the second clause. This clause prohibits "conspir[acies] for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws." *Kowalski v. Boliker*, 893 F.3d 987,

9

1001 (7th Cir. 2018) (quoting 42 U.S.C. § 1985(2)). Mr. Fedorow must adequately allege a conspiracy to deny access to a state court and class-based animus. *Id.* at 1001.

Section 1985(3) prohibits conspiracies to deprive others of their legally protected rights. 42 U.S.C. § 1985(3); *United Bhd. of Carpenters & Joiners of Am., Local 610 v. Scott*, 463 U.S. 825, 828 (1983). To state a claim, Mr. Fedorow must plausibly allege "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Roach v. City of Evansville*, 111 F.3d 544, 547 (7th Cir. 1997) (quoting *Bowman v. City of Franklin*, 980 F.2d 1104, 1109 (7th Cir. 1992)). As with § 1985(2), he must also allege class-based animus. *Kowalski*, 893 F.3d at 1001.

Finally, § 1986 "establishes a cause of action against anyone who is aware of a § 1985 conspiracy and could have stepped in to prevent it, but fails to do so." *Tillman v. Burge*, 813 F. Supp.2d 946, 987 (N.D. Ill. 2011); *see* 42 U.S.C. § 1986. To assert a claim, Mr. Fedorow must plausibly allege a defendant knew the conspiratorial wrongs were about to be committed, had the power to prevent or help prevent the commission of those wrongs, neglected to do, that the wrongful acts occurred, and that the acts could have been prevented by reasonable diligence. *Tillman*, 813 F. Supp.2d at 987 (citing *Bell v. City of Milwaukee*, 746 F.2d 1205, 1233 (7th Cir. 1984), *overruled on other grounds by*, *Russ v. Watts*, 414 F.3d 783, 783-84 (7th Cir. 2005)). A § 1986 claim is dependent on an underlying § 1985 claim. *Bell*, 746 F.2d at 1233; *Smith*, 550 F.3d at 617.

Officer Hastings argues Mr. Fedorow cannot bring a conspiracy claim because he failed to allege a plausible violation of his constitutional rights. "[I]njury to persons or property, or deprivation of a constitutional right is an indispensable element of a claim under § 1985."

10

*Reichenberger v. Pritchard*, 660 F.2d 280, 287 (7th Cir. 1981) (discussing §§ 1985(2) and (3)). And without a § 1985 claim, he cannot assert a § 1986 claim. Both must be dismissed.

    F. *Kosciusko County and Pierceton (Monell).*

Mr. Fedorow's final remaining federal claim is that Kosciusko County and Pierceton are liable for the violations of his constitutional rights under *respondeat superior* [1 ¶ 20]. Because vicarious liability doesn't apply under § 1983, *see e.g., Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 653 (7th Cir. 2021); *J.K.J. v. Polk Cnty.*, 960 F.3d 367, 377 (7th Cir. 2020), and his *pro se* pleading must be construed liberally, *see Erickson*, 551 U.S. at 94, the court interprets this as an argument under *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658 (1978).

A *Monell* claim seeks to hold a municipal entity liable for unconstitutional acts of its employees that "were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citations omitted). This requirement exists to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell*, 987 F.3d at 654. To allege a viable *Monell* claim, Mr. Fedorow must allege he was deprived of a constitutional right that can be traced to an official municipal policy or widespread governmental custom that caused him injury. *See Thomas v. Neenah Joint Sch. Dist.*, 74 F.4th 521, 524 (7th Cir. 2023); *Grieveson*, 538 F.3d at 771; *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017). As with the conspiracy allegations, Mr. Fedorow's *Monell* claim must be dismissed for lack of an underlying constitutional deprivation, quite aside from pleading any plausible widespread custom or policy.

    G. *State Claims.*

With federal claims dismissed, only state claims for intentional infliction of emotional distress and defamation remain [1 ¶ 37-44]. Generally, when "all federal claims are dismissed

11

before trial, the district court should relinquish jurisdiction over pendent state[] claims rather than resolv[e] them on the merits." *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251 (7th Cir. 1994). There are three acknowledged exceptions: when (1) "the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state court," (2) "substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort," or (3) "when it is absolutely clear how the pendent claims can be decided." *Id.* (quotations and citations omitted).

It is clear how these state claims should be decided. Officer Hastings and Pierceton are immune under the Indiana Tort Claims Act (ITCA). Under the ITCA, a tort claim against a political subdivision or an employee of a political subdivision is barred unless notice is filed with the subdivision's governing body and risk management commission within 180 days after the alleged loss occurs. Ind. Code § 34-13-3-8(a); *Poole v. Clase*, 476 N.E.2d 828, 831 (Ind. 1985) ("whether a plaintiff elects to sue only the entity, only the employee, or both the entity and the employee, there is no difference to the employing entity since it still must provide the defense."). The notice must be in writing and describe in a short and plain statement the facts on which the claim is based. Ind. Code §§ 34-13-3-10, 34-13-3-12. "Political subdivisions" include a county, township, town, and city. Ind. Code § 34-6-2.1-155 (2025).

The failure to comply with ITCA notice requirements generally subjects a claim to dismissal. *Stone v. Wright*, 133 N.E.3d 210, 217 (Ind. Ct. App. 2019). Intentional infliction of emotional distress is a tort action, *see Harris v. Deaconess Hosp., Inc.*, 235 N.E.3d 224, 231 (Ind. Ct. App. 2024), as is defamation, *see Waldrip v. Waldrip*, 976 N.E.2d 102, 111 (Ind. Ct. App. 2012). Once a defendant raises a question of notice under the ITCA rules, the plaintiff has the burden

to demonstrate compliance. *Id.* at 110. Mr. Fedorow hasn't done so—neither his complaint nor his briefing says he provided notice, and he doesn't provide exhibits that show he complied.

He also cannot proceed with his state tort claims against Kosciusko County. Judge Miner and Prosecutor Voelz aren't county employees, so Kosciusko County cannot be held liable for their conduct. *See Cox v. Evansville Police Dep't*, 107 N.E.3d 453, 460 (Ind. 2018) ("employer is liable for employees' tortious acts only if those acts occurred within the scope of employment"); *Woods v. City of Michigan City*, 940 F.2d 275, 279 (7th Cir. 1991) (judges of Indiana's circuit, superior, and county courts are judicial officers, not county officials); *C.H. v. Dvorak*, 2009 U.S. Dist. LEXIS 15702, 8 (N.D. Ind. Feb. 27. 2009) (Sharp, J.) (citing *Mendenhall v. City of Indianapolis*, 717 N.E.2d 1218, 1225-26 (Ind. Ct. App. 1999)) (county prosecutor "is a state and not a county official"). As for Officer Hastings, Mr. Fedorow alleges he works for Pierceton, not the county. His state tort claims must be dismissed.

H. *Leave to Amend.*

Mr. Fedorow doesn't ask for leave to amend his complaint, but the court nonetheless considers it because he litigates *pro se* and "[l]eave to amend is to be 'freely given when justice so requires.'" *Liu v. T&H Mach., Inc.*, 191 F.3d 790, 794 (7th Cir. 1999) (quoting *Payne v. Churchich*, 161 F.3d 1030, 1036 (7th Cir. 1998) and Fed. P. Civ. P. 15(a)). "Unless it is *certain* from the face of the complaint that any amendment would be futile or otherwise unwarranted, the district court should grant leave to amend after granting a motion to dismiss." *Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519-20 (7th Cir. 2015).

Amendment here is futile. Judge Miner and Prosecutor Voelz are immune from suit, and Mr. Fedorow could offer nothing consistent with his complaint that would elude this immunity. The ITCA plainly bars the state tort claims; and, nothing suggests that giving Mr. Fedorow a

second opportunity to produce a tort claims notice would result in one. Though perhaps he could offer more details about a Fourth Amendment seizure, his contentions really are legally frivolous as they are just sovereign citizen-type theories at the end of the day. *See Benabe*, 654 F.3d at 767. There is no basis in the law to hear such theories once, much less twice.

## CONCLUSION

Accordingly, the court GRANTS the motions to dismiss [5; 10; 21], DENIES the motions to object and to amend [25; 26], and DISMISSES the case with prejudice.

SO ORDERED.

February 19, 2026  *s/ Damon R. Leichty*
Judge, United States District Court

second opportunity to produce a tort claims notice would result in one. Though perhaps he could offer more details about a Fourth Amendment seizure, his contentions really are legally frivolous as they are just sovereign citizen-type theories at the end of the day. *See Benabe*, 654 F.3d at 767. There is no basis in the law to hear such theories once, much less twice.

## CONCLUSION

Accordingly, the court GRANTS the motions to dismiss [5; 10; 21], DENIES the motions to object and to amend [25; 26], and DISMISSES the case with prejudice.

SO ORDERED.

February 19, 2026  *s/ Damon R. Leichty*
Judge, United States District Court